UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT REHM, derivatively on behalf nominal defendant Express Scripts, Inc. ) ) ) Plaintiff, ) vs. ) ) STUART L. BASCOMB, et al., ) ) Defendants. ) | Case No. 4:04CV1319 HEA |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Remand, [# 5]. Defendants oppose the motion, and the issues are fully briefed. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff, an alleged shareholder of Express Scripts, Inc., filed this derivative action in the Circuit Court of the City of St. Louis on August 27, 2004 against the officers and directors of Express Scripts, Inc. Plaintiff alleges that Express Scripts, Inc. improperly retained drug rebates and discounts as well as improperly obtained kickbacks from drug manufacturers. The action seeks damages caused by the alleged breach of fiduciary duty by the officers and directors of Express Scripts, Inc.

Defendants removed the action on September 27, 2004 pursuant to 28 U.S.C. §§ 1331, 1337, 1367, 1441, and 1446 and 15 U.S.C. § 78aa. Plaintiff moves to remand. Defendants argue that plaintiff's claims arise under federal law, specifically the federal securities laws and the federal Exchange Act, 15 U.S.C. § 78aa. Although plaintiff's petition does not assert any claims based on federal statutes or the federal common law, defendant argues that one of the alleged breaches is that the Individual Defendants allowed or caused the Company to engage in conduct that has left the Company subject to "other lawsuits [that] have been filed against Express Scripts," those being certain securities actions that have been filed against Express Scripts in this Court. By virtue of the securities actions' inclusion in plaintiff's derivative suit, defendants contend that this Court has federal question jurisdiction in that for liability to arise, a determination that a violation of federal law must be found.

Plaintiff responds that his claim for breach of fiduciary duties by the officers and directors is not solely based on the other lawsuits. Plaintiff emphasizes that he could prevail on his action without a determination that federal law has been violated based on the other allegations under state law.

## Discussion

An action may be removed by a defendant where the case falls within the

original subject matter jurisdiction of the federal district courts. 28 U.S.C. § 1441(a). District courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If it appears that the case was not properly removed because it was not within the original subject matter jurisdiction of the district courts, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The party opposing remand bears the burden of establishing federal subject matter jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed. *Shamrock Oil & Gas Corp. Sheets*, 313 U.S. 100, 100-107 (1941).

In determining the propriety of removal, the Court must begin by applying the "well-pleaded complaint rule" which provides:

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose.

*Taylor v. Anderson*, 234 U.S. 74, 75-75 (1914). A federal defense does not provide a basis for removal, even if that defense is anticipated in the complaint and is the

only question at issue. *Caterpillar*, 482 U.S. at 393.

The Supreme Court has found that federal question jurisdiction exists "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Laborers Vac. Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921). In *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109 (1936), the Court articulated the "essential element" test for federal question jurisdiction. To bring a case within statutory federal question jurisdiction, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.*, at 112. To be considered an essential element of the plaintiff's cause of action, "a genuine and present controversy, not merely a possible or conjectural one," must exist regarding federal law. *Id.*, at 113.

The "essential element" test for federal question jurisdiction was re-affirmed in *Franchise Tax*. The Court held in *Franchise Tax* that Congress has given the lower federal courts jurisdiction to hear those cases where "the plaintiff's right to relief necessarily depends on resolution of a *substantial* question of federal law. *Id.*, 463 U.S. at 27-28. (emphasis added).

These Supreme Court holdings give rise to the rule that federal question jurisdiction exits where an *essential* element of the plaintiff's cause of action

depends upon the construction or application of a *substantial* question of federal law in dispute between the parties.

The Supreme Court has cautioned against an overly broad exercise of federal question jurisdiction in cases where state law turns on some construction of federal law. *See Merrill Dow v. Thompson*, 478 U.S. 804, 813 (1986). In determining whether federal question jurisdiction exists over a state law claim, the courts must "distinguish between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible." *Gully*, 299 U.S. at 117. The Court must take a common sense approach to "a selective process which picks the substantial causes out. . .and lays the other ones aside." *Id.*, at 117-18.

In this action, state law controls the outcome of this breach of fiduciary duty action. Plaintiff's claims do not rely solely on the determination of federal securities law, rather, plaintiff can prove his case based on other violations which would give rise to a breach of defendants' fiduciary duties to the stockholders of Express Scripts, Inc. Plaintiff has alleged that there are various state actions against various individuals and various governmental entities are conducting investigations. As such, the possible violation of the securities laws is not *essential* to plaintiff's action nor is it a *substantial* question in this suit. *See NcNeill v. Franke*, 171 F.3d 561,

564 (8th Cir. 1999).

Plaintiff has neither alleged a federal cause of action, nor do any of his allegations rely solely on interpretation of federal law, including the Exchange Act. This is not an instance of plaintiff couching the allegations of the complaint in state court terms solely for the purpose of avoiding the Court's federal question jurisdiction. The petition in this case clearly sets out a state law claim of action for breach of contract and the mere fact that some of defendants' actions involve violations of federal law does not transform this state action into a federal case under 28 U.S.C. §§ 1331, 1337 or 15 U.S.C. § 78aa. The action is therefore not properly before this Court and must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand, [# 5], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court in and for the City of St. Louis, Missouri.

Dated this 17th day of May, 2005.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE